UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEIDIS MARIAN DELGADO SANCHEZ,

Petitioner,

v. Case No. 3:26-cv-2543-MMH-SJH

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner Leidis Marian Delgado Sanchez, an immigration detainee, initiated this action through counsel by filing a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1; Petition) on September 23, 2026. See generally Petition. Delgado Sanchez, a citizen of Cuba, was temporarily detained at the border and paroled into the United States on August 24, 2024. See id. at 6. On September 4, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Delgado Sanchez. Doc. 5-1 at 2. As relief, she seeks, inter alia, immediate release.[1] Petition at 9.

[1] In Petitioner's Reply in Support of Petition for Writ of Habeas Corpus (Doc. 6; Reply), Petitioner requests an individualized bond hearing if the Court determines "that immediate release is not the appropriate remedy." Reply at 3.

Petitioner contends that her continued detention violates the Immigration and Nationality Act. See id. at 7. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Delgado Sanchez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Delgado Sanchez was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Delgado Sanchez's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven**

[2] Because the Court finds that Delgado Sanchez is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

**days** of this Order, Respondents shall either afford Delgado Sanchez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her.[3] If Respondents release Delgado Sanchez, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Petitioner is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).